United States Bankruptcy Court
Eastern District Of Washington

FILED
MAY 11 2007

T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

EDWIN TROY HAWKINS

Main Case Number: 06-03258

Debtor(s).

JEFFREY EARL, as Trustee in Bankruptcy

Adversary Number: 07-80017

Plaintiff(s),

vs.

EDWIN TROY HAWKINS, Debtor, BRITT HAWKINS, wife of debtor, and SUNDANCE SLOPE LLC, a Washington Limited Liability Company,

Defendant(s)

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR PRELIMINARY INJUNCTION**

This matter having come on for hearing May 11, 2007, before the Honorable Frank L. Kurtz on Plaintiffs motion for a preliminary injunction. Present at the hearing were: Jeffery Earl, representing the Trustee; Brian Walker, representing Britt Hawkins and Sundance Slope LLC; Charles Steinberg, representing Edwin Troy Hawkins and; Michael Arch, representing Ron and Pam Yandell. By agreement of the parties, evidence in support and opposition was submitted by declaration and no live testimony was received. The Court considered the following pleadings: Complaint; Motion for Preliminary Injunction; Memorandum of Law Supporting, Chapter 7 Trustee's Application; Declaration of Michael Arch; Supplemental Memorandum of Law Supporting Trustee's Application; Objection and Memorandum of Law filed by Troy Hawkins; Declaration of Edwin Troy Hawkins; Answer of Britt Hawkins; Answer of Troy Hawkins; Britt Hawkins and Sundance Slope LLC Objection and

Findings, Conclusions and Order
Page 1 of 5

ENTERED: _____

Memorandum; Second Supplemental Memorandum Supporting Trustee's Application; Supplemental Declaration of Michael Arch; Second Declaration of Britt Hawkins; Declaration of Kyle Coleman; Declaration of Jim Bishop; Declaration of Del Vanderhoff; Declaration of Doug England; and the oral argument of counsel. The Court makes the following findings of fact and conclusions of law.

Findings of Fact

1. Jeffrey Earl, Chapter 7 Trustee, in the bankruptcy of Edwin Troy Hawkins, commenced this action seeking: turnover of property of the estate by Britt Hawkins and Sundance Slope LLC; avoidance of fraudulent transfers to Britt Hawkins and Sundance Slope LLC; and injunctive relief.

2. Edwin Troy Hawkins, Britt Hawkins and Sundance Slope LLC maintain that the real and personal property held by Britt Hawkins and Sundance Slope LLC is not property of the estate, should not be turned over and that there should be no restrictions upon its use.

3. Earl contends that without restrictions on use, the property could and will be dissipated resulting in irreparable harm to the bankruptcy estate.

4. Earl contends that the following assets are community in nature and subject to dissipation:
   - Real property at 1315 Green Avenue, Manson, Washington
   - Sundance Slope Orchard, Chelan County, Washington
   - All farm equipment
   - 2006 crop proceeds from orchards owned or leased by Edwin Troy Hawkins, Britt Hawkins or Sundance Slope LLC.
   - Orchard leases held by the defendants

4. The bankruptcy estate will be exposed to significant risk of harm if these assets are dissipated and that the harm from dissipation out weighs any harm the defendants might suffer from imposition of a preliminary injunction.

5. Granting a preliminary injunction is necessary to preserve the status quo until the merits of the case be decided.

Findings, Conclusions and Order
Page 2 of 5

ENTERED: _____

6. Britt Hawkins and Sundance Slope LLC need funds to in order to grow the 2007 crop. The 2006 crop proceeds are an appropriate source of funding.

7. The marital community of Edwin Troy Hawkins and Britt Hawkins need funds for living expenses during the pendency of this matter. The 2006 crop proceeds are an appropriate source of funding.

## Conclusions of Law

1. This matter is a core proceeding and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 28 U.S.C.157(b)(2).

2. Earl is entitled to a preliminary injunction restraining, Edwin Troy Hawkins; Britt Hawkins and Sundance Slope LLC, a Washington Limited Liability Company and their agents, employees and successors and assigns from any of the following acts:

- Selling, assigning, transferring or encumbering the real property at 1315 Green Avenue, Manson, Washington
- Selling, assigning, transferring or encumbering the Sundance Slope Orchard, Chelan County, Washington
- Selling, assigning, transferring or encumbering the farm equipment
- Selling, assigning, transferring, encumbering, using or otherwise dissipating the 2006 crop proceeds from orchard owned or leased by Edwin Troy Hawkins, Britt Hawkins or Sundance Slope LLC for any purpose except as authorized in this order or any modifications to this order.
- Transferring or assigning any orchard lease held the defendants

Now Therefore, based upon the above Findings and Conclusions, the Court Orders as follows:

## Order

1. Defendants Edwin Troy Hawkins, Britt Hawkins and Sundance Slope LLC and their agents, employees and successors and assigns are hereby restrained from engaging in any of the

following acts:

- Selling, assigning, transferring or encumbering the real property at 1315 Green Avenue, Manson, Washington
- Selling, assigning, transferring or encumbering the Sundance Slope Orchard, Chelan County, Washington
- Selling, assigning, transferring or encumbering the farm equipment
- Selling, assigning, transferring, encumbering, using or otherwise dissipating the 2006 crop proceeds from orchard owned or leased by Edwin Troy Hawkins, Britt Hawkins or Sundance Slope LLC for any purpose except as authorized in this order or any modifications to this order.
- Transferring or assigning any orchard lease held the defendants .

2. Britt Hawkins and Sundance Slope LLC may use proceeds from the 2006 crop to grow and harvest the 2007 crop per a budget approved by this Court.

3. Edwin Troy Hawkins and Britt Hawkins may use the 2006 crop proceeds for living expenses per a budget approved by this Court.

4. Britt Hawkins and Sundance Slope LLC shall file with the court an list of all warehouses or other entities that received the 2006 crop and are storing packing and marketing the crop. This list should include the amount of fruit delivered, variety, proceeds received and projections as to marketing of unsold fruit and settlement dates.

5 Pursuant to Federal Rule of Bankruptcy Procedure 7065 the Earl as a Trustee is not required to post a bond

6. A trial on the merits of this matter shall be set by a separate Scheduling Order. The hearing on the Scheduling Order and approval of the crop production and personal budgets will be held on Thursday May 17, 2007 at 10:00 a.m. by telephone.

7. Britt Hawkins and Sundance Slope LLC are authorized to use up to 2,000 personal and business expenses between the date of this order and the approval by the court of the personal and crop

Findings, Conclusions and Order
Page 4 of 5

ENTERED: _____

production budgets.

Dated the 11th day of May 2007

_/s/ Frank L. Kurtz_
Honorable Frank L. Kurtz
Bankruptcy Judge

Findings, Conclusions and Order
Page 5 of 5

ENTERED: _____